NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0186n.06

Nos. 08-4139, 09-3587

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 16, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MUSA ABDUL IKHARO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW FROM THE |
| v. | ) | BOARD OF IMMIGRATION APPEALS |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | OPINION |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Before: GILMAN and WHITE, Circuit Judges; and THAPAR, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** This court's judgment entered on August 2, 2010 was vacated by the Supreme Court on January 10, 2012 and the case remanded for further consideration in light of *Judulang v. Holder*, 132 S. Ct. 476 (2011). The Court in *Judulang* determined that the policy of the Board of Immigration Appeals (BIA) in its application of § 212(c) of the Immigration and Nationality Act to deportation cases was "arbitrary and capricious" under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

In the case before us, the BIA denied Musa Abdul Ikharo any consideration of relief under § 212(c) from the immigration judge's order of deportation. That was due at least in part to the BIA's now-discredited policy of applying the "comparable-grounds approach" as fully discussed in *Judulang*. The Supreme Court has called on the BIA "to devise another, equally economical policy

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

respecting eligibility for § 212(c) relief, so long as it comports with everything held in both this decision and *St. Cyr*." *Judulang*, 132 S. Ct. at 490.  We therefore remand Ikharo's case to the BIA for reconsideration in light of *Judulang*.